## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 21 2016, 8:40 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Lawrence M. Hansen
Hansen Law Firm, LLC
Noblesville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

Eric Haralson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 21, 2016

Court of Appeals Case No.
29A05-1604-CR-874

Appeal from the Hamilton Circuit Court

The Honorable Paul A. Felix, Judge

Trial Court Cause No.
29C01-1009-FB-60

**Vaidik, Chief Judge.**

# Case Summary

[1]    Eric Haralson contends that the trial court abused its discretion in sentencing him to three years of his previously suspended sentence for violating his probation (for a second time) in this case. Finding no abuse of discretion, we affirm.

# Facts and Procedural History

[2]    In July 2011, Haralson pled guilty to Class B felony dealing in a Schedule II controlled substance and Class A misdemeanor carrying a handgun without a license. The trial court sentenced him to twelve years, with six years executed and six years suspended. The court ordered the last year of Haralson's executed sentence to be served on work release, followed by two years of probation.

[3]    Haralson finished work release in October 2013 and started serving his two-year probation term. In May 2014, the probation department filed a notice alleging that Haralson violated his probation by committing a new offense, Class A misdemeanor operating a vehicle without ever having received a license. Haralson admitted violating his probation, and the trial court sentenced him to forty days of his previously suspended sentence.

[4]    Then, in October 2015, the probation department filed a second notice alleging that Haralson violated his probation by being dishonest with his probation officer about his drug and alcohol use, testing positive on two occasions for illegal drugs (marijuana, cocaine, and methamphetamine), and consuming

alcohol in violation of his CARE evaluation. A hearing was held, and Haralson admitted violating his probation. Tr. p. 7-9. Haralson asked the trial court to place him on community corrections. Haralson explained that although he tested negative for drugs for a period of about eighteen months, he "started indulging in drugs again" when he "ran into some old friends that [he had] stopped hanging out with when [he] got out of prison." *Id.* at 18. The trial court revoked Haralson's probation and sentenced him to three years of his previously suspended sentence, to be served in prison. The trial court reasoned:

> The Court placed [Haralson] on probation once he completed the executed sentence and he violated probation previously [in this case] by committing a new crime, to which he only received a 40 day jail sentence, 40 days of his previously suspended sentence were executed. He was then placed back on probation. This is, even though according to the Pre-Sentence Investigation the Court received when the Defendant was sentenced that nearly every single time he has ever been convicted before he has violated his probation with at least one prior time, two prior times where his probation was revoked. At the last sentencing hearing I was told about the Defendant's child. I considered the fact that he had a child the last time he was here. The Court is not going to consider again that he has a child. The Defendant knew he had a child when he was smoking and using drugs, and he smoked and used them anyway. The hearing today essentially tries to suggest that the Defendant has relapsed due to a drug problem. But what I heard today is that the Defendant started hanging around friends. This was not about a relapse, this was about hanging around the wrong people and then going and doing the things that they were doing with them. It was not about a need to have drugs and then finding them, it was about hanging out with the wrong people. . . . I do not find Hamilton County Community Corrections to be an appropriate sentence here.

*Id.* at 26-27.

Haralson now appeals.

# Discussion and Decision

Probation revocation is a two-step process. First, the trial court must determine that a violation of a condition of probation actually occurred. *Woods v. State,* 892 N.E.2d 637, 640 (Ind. 2008). Second, if a violation is proven, then the trial court must decide whether the violation warrants revocation of probation. *Id.* If the trial court finds that the probationer violated a condition of probation, the court has several options:

> (1) Continue the person on probation, with or without modifying or enlarging the conditions.
>
> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
>
> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

Ind. Code § 35-38-2-3(h). A trial court's sentencing decision for violating probation is reviewed for an abuse of discretion. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007).

Haralson contends that the trial court abused its discretion in sentencing him to three years of his previously suspended sentence for violating his probation

because he is "an addicted person suffering from relapse" and is "a father seeking an opportunity to support his son." Appellant's Br. p. 12. He claims the trial court should have sentenced him to community corrections instead.

[8] The trial court, however, specifically declined to place Haralson in community corrections. It noted that Haralson had already violated probation once in this case and that he had violated probation in other cases as well. As for Haralson's child, the trial court explained that it considered Haralson's child when it sentenced him to only forty days for his first probation violation, yet Haralson violated his probation a second time. Finally, as for Haralson's claim that he only relapsed because of addiction, the trial court pointed to Haralson's own testimony that despite testing negative for drugs for a substantial period of time, he began "indulging" in drugs again after he started hanging out with the wrong people, not because of addiction. Accordingly, we find that the trial court did not abuse its discretion in sentencing Haralson to three years of his previously suspended sentence for violating his probation a second time in this case.

[9] Affirmed.

Baker, J., and Najam, J., concur.